

**ORDERED in the Southern District of Florida on May 27, 2020.**

_____
**Scott M. Grossman, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | |
| | Case No. 20-15408-SMG |
| FREEMAN MOBILE ORTHODONTICS PLLC, | Chapter 11 |
| Debtor. | |
| _____/ | |
| In re: | Jointly Administered |
| | Case No. 20-15409-SMG |
| | Chapter 11 |
| FREEMAN ORTHODONTICS, P.A., | |
| Debtor. | |
| _____/ | |
| In re: | Jointly Administered |
| | Case No. 20-15407-SMG |
| | Chapter 11 |
| INTERSTELLAR DISRUPTION, LLC, | |
| Debtor. | |
| _____/ | |

**INTERIM ORDER GRANTING DEBTOR'S MOTION TO USE CASH
COLLATERAL OF LENDER BANK OF AMERICA**

**THIS MATTER** came before the Court on May 20, 2020 at 1:30 p.m. in Fort Lauderdale, Florida upon the Debtor FREEMAN ORTHODONTICS P.A., (the "Debtor") *Expedited Motion to Use Cash Collateral of Bank of America* [ECF 6] (the "Motion"). Adequate notice of the hearing was given under the circumstances. The Court, having reviewed the record and having heard the proffers of counsel, and being otherwise fully advised in the premises, does hereby

**ORDER and ADJUDGE** as follows:

1. The Motion is **GRANTED** to the extent set forth herein.

2. The Debtor is hereby authorized to use the Cash Collateral (as defined below) of Bank of America, (the "Lender") in the manner set forth in the Motion and provided in this Order, on an interim basis until May 27, 2020.

3. Notwithstanding the provisions of Section 522(a) of the Bankruptcy Code, and in addition to the security interests preserved by Section 522(b) of the Bankruptcy Code, the Debtor grants in favor of Lender, as security for all indebtedness that is owed by the Debtor to the Lender, but only to the extent that Lender's cash collateral is used by the Debtor, and as adequate protection of the rights and interests of the Lender in respect of the Debtor's use of any of its Cash Collateral, pursuant to Sections 361, 362 and 363 of the Bankruptcy Code, a valid, binding, enforceable, non-avoidable and perfected post-petition security interest and lien in, to and against all of the Debtor's assets, effective from May 19, 2020, the date on which the motion was filed, to the same extent that the Lender held a properly perfected prepetition security interest in such assets (the "Replacement Liens"), which are or have been acquired, generated or received by the Debtor subsequent to the Petition Date. The Replacement Liens shall be in addition to any security interest, liens or rights of setoff existing in favor of the Lender on the Petition Date and shall secure all amounts due to the Lender.

4. The Debtor is hereby permitted to use Cash Collateral, as defined in 11 U.S.C. § 363(a), including the cash or noncash proceeds of assets that were not Cash Collateral on the Petition Date ("Cash Collateral") up to the amounts shown in the Budget attached hereto.

5. In addition, the Debtor shall pay $3,000 to the Lender as further adequate protection for this interim period only (the "Payment").

6. The Payment shall be applied to the Lender's indebtedness as provided in the loan documents.

7. As a condition of permitting the Debtor to use Cash Collateral as provided herein, the Debtor will operate strictly in accordance with the Budget, not to exceed ten percent (10%) above the amount of any line item shown in the Budget.

8. Any of the following events is an "Event of Default":

   a. If the Debtor breaches any term or condition of this Order or any of the Lender's loan documents, other than defaults existing as of the Petition Date;

   b. If the Case is converted to a case under Chapter 7 of the Bankruptcy Code;

   c. If the case is dismissed; or

   d. If any violation or breach of any provision of this Order occurs.

9. If an Event of Default occurs, the Lender may file with the Court a Notice of Default and seek relief on an expedited basis.

10. Upon receipt of a notice of an Event of Default, the Debtor may file an appropriate expedited motion for authority to use Cash Collateral.

11. The Debtor may exceed the line item expenses with the Lender's written consent. In consenting to a Budget item in the future or by taking any other actions pursuant to this Order, the Lender shall not have any liability to any third party and shall not be deemed to be in control of the operations of the Debtor or to be acting as a "responsible person" with respect to the

operation or management of the Debtor.

12. The postpetition liens and security interests granted to the Lender, if any, shall be valid and perfected post-petition, to the extent and priority of the prepetition lien(s), without the need for execution or filing of any further documents or instruments otherwise required to be filed or be executed or filed under non-bankruptcy law.

13. The Debtor shall serve any reports required by the United States Trustee, including all monthly operating reports for the prior month's operations, on the Lender. Such service may be made on the Lender by serving its counsel *via* email or Court ECF.

14. The Debtor shall forthwith serve a copy of this Order and the Motion on all parties and counsel entitled to notice pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure.

15. Nothing herein shall limit or prejudice the Lender from seeking such other or further relief or right available in law, under the Code or otherwise, with regard to the final/continued hearing on the use of Cash Collateral or otherwise.

16. The Court shall conduct a continued hearing on the use of Cash Collateral of the Lender on **May 27, 2020 at 1:30 p.m.** at the U.S. Bankruptcy Court, 299 E Broward Blvd # 310, Fort Lauderdale, FL 33301.

###

Submitted by:
Aaron A. Wernick, Esq.
Wernick Law, PLLC
*Attorneys for the Debtor*
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
(o) (561)961-0922 / (f) (561)431-2474
awernick@wernicklaw.com
*Aaron A. Wernick, Esq. is directed to serve a conformed copy of this Order on all parties listed on the official court matrix, and to file a certificate of service conforming to Local Rule 2002-1(f).*

## FOS
## May 18th to May 27, 2020

| | |
|---|---:|
| **Income** | |
| Gross revenue | $41,629.40 |
| **Total Income** | **$41,629.40** |
| **Cost of Goods Sold** | |
| **Dental & Lab Supplies** | $3,210.29 |
| **Other Costs of Services - COS** | $275.00 |
| **Total Cost of Goods Sold** | **$3,485.29** |
| **Gross Profit** | **$38,144.11** |
| **Expenses** | |
| **Insurance** | $276.99 |
| **Office Insurance** | $0.00 |
| **Employee Insurance** | $0.00 |
| **Total insurance** | **$276.99** |
| **General and Administrative** | |
| **Highland Capital equip loan** | $674.67 |
| **Advertising + Marketing** | $599.00 |
| **Bank Charges + Fees** | |
| **Consultant** | |
| **Dues + Subscriptions** | $67.88 |
| **Office Supplies** | $130.02 |
| **Postage + Delivery** | $52.99 |
| **Total General and Administrative** | **$849.89** |
| **Occupancy** | |
| **Rent** | $0.00 |
| **Utilities** | $1,178.92 |
| **Internet, computer + software** | $2,592.20 |
| **Telephone** | $668.25 |
| **Office Cleaning Service** | $992.35 |
| **Total Occupancy** | **$5,431.72** |
| **Salaries & Wages** | |
| **Gross Pay** | $21,596.24 |
| **Payroll Expenses** | $97.99 |
| **Healthcare** | $0.00 |
| **Total Salaries & Wages** | **$21,694.23** |
| **Total Expenses** | **$28,252.83** |
| **Net Income** | **$9,891.28** |
| Adequate protection payment: | $3,000.00 |