UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

FREEMAN MOBILE ORTHODONTICS PLLC,

          Debtor.
_____/

Case No. 20-15408-SMG
Chapter 11

In re:

FREEMAN ORTHODONTICS, P.A.,

          Debtor.
_____/

Jointly Administered
Case No. 20-15409-SMG
Chapter 11

## MOTION TO WAIVE APPOINTMENT OF PATIENT CARE OMBUDSMAN

FREEMAN ORTHODONTICS, P.A., Debtor-in-Possession (the "Debtor"), by and through undersigned counsel, files this *Motion to Waive Appointment of Patient Care Ombudsman* (the "Motion") and seeks an entry of an order waiving the appointment of the patient care ombudsman, pursuant to §§ 101(27A) and 333(a)(1) of the Bankruptcy Code (the "Code") and Fed. R. Bank. P. 2007.2(a), and in support thereof, states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A).

3. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

4. On May 17, 2020, the Debtor filed for voluntary relief under Chapter 11 of the Bankruptcy Code [ECF 1].

5. As of the date hereof, no creditors' committee has been appointed in this case. In addition, no trustee or examiner has been appointed, except for the Subchapter V trustee.

6. The Debtor is a brick and mortar orthodontics practice.

7. The Court has not issued an order directing the United States Trustee to appoint a health care ombudsman.

8. The Debtor is duly licensed and in good standing with the State of Florida.

## **Legal Argument**

9. Pursuant to §333(a)(1) of the Bankruptcy Code, the Court must appoint an ombudsman "if the debtor…is a health care business…unless the court finds the appointment of such ombudsman is not necessary to protect patients under the specific facts of the case." *In re Alternate Family Health Care*, 377 B.R. 754 (Bankr. S.D. Fla. 2007).

10. Additionally, Fed. R. Bankr. P. 2007.2 allows the Court to waive the appointment of a patient care ombudsman if one is not necessary to the specific circumstances of the case for protection of patients.

### A. The Debtor is not a Health Care Business

11. The Debtor is not a "health care business" per the Code's definitions and therefore a patient care ombudsman is not warranted.

12. Per § 101(27A) of the Code, a "health care business" is one that is "primarily engaged in offering to the general public facilities and services for (i) the diagnosis or treatment of injury, deformity, or disease; and (ii) surgical, drug treatment, psychiatric, or obstetric care."

13. The Debtor does not treat patients for "injury, deformity, or disease" as the Debtor's primary business is straightening teeth, typically through the application of clear aligners.

14. In addition, and as § 101(27A) utilizes the conjunctive "and", the Debtor does not provide "surgical, drug treatment, psychiatric, or obstetric care" or any procedures that come to close to these types of invasive procedures, but rather, as stated, clear aligner appliances.

15. Furthermore, § 101(27A)(B)(i-ii), which follows the conjunction "and", states that a health care business "includes any (I) general or specialized hospital; (II) ancillary ambulatory, emergency, or surgical treatment facility; (III) hospice; (IV) home health agency; and (V) other health care institution that is similar to an entity referred to in subclause (I), (II), (III), or (IV); and (ii) any long-term care facility…"

16. In *In re Banes*, 355 B.R. 532 (Bankr. M.D. N.C. 2006), the bankruptcy court held that the debtor, which was a dental practice, did not fall under the definition of a "health care business" even though the practice provided surgical treatment, primarily due to subsection B. *See id.* at 535. The *Banes* court, noting that subsection B used the word "includes", looked to *In re 7-Hills Radiology*, LLC, 350 B.R. 902, 904 (Bankr. D.Nev. 2006), which held that the type of health care businesses in subsection B were those that involved "direct and ongoing contact with patients" and that provided patients with "shelter and sustenance in addition to medical treatment." *Id*. The *Banes* court therefore concluded that "…it is difficult to imagine that the legislature would have intended a business that is so fundamentally different, such as an outpatient dental practice, to be read into the definition." *Id*.

17. In the present case, the Debtor's case is even more compelling than that of *Banes*, as the Debtor does not provide surgical treatment of any kind, let alone provide "shelter and sustenance".

18. Therefore, the Debtor does not fall under the definition of a "health care business" and, as such, a patient care ombudsman need not be appointed.

<u>B. The Debtor's Practice does not Require a Patient Ombudsman</u>

19. Even if this Court were to find that the Debtor is a "health care business" under § 101(27A) of the Code, a patient care ombudsman is not warranted in this case.

20. The Debtor maintains all records completely and electronically, and there is no potential harm to patients as the level of care of straightening crooked teeth does not rise to the level of medical practice requiring an ombudsman.

21. The instant bankruptcy filing was not related to patient-care issues, but due to several pending lawsuits and outstanding debts. The filing was not a result of any claims of patients relating to patient care with respect to the Debtor's practice.

22. In *In re Medical Assc. of Pinellas, LLC*, 360 B.R. 356 (Bankr.M.D.Fla.2007), the court looked to nine non-exhaustive factors on determining whether a patient care ombudsman is necessary to protect patients, including:

> (1) the cause of the bankruptcy;
> (2) the presence and role of licensing or supervising entites;
> (3) debtor's past history of patient care;
> (4) the ability of the patients to protect their rights;
> (5) the level of dependency of the patients on the facility;
> (6) the likelihood of tension between the interest of the patients and the debtor;
> (7) the potential injury to the patients if the debtor drastically reduced its level of patient care;
> (8) the presence and sufficiency of internal safeguards to ensure appropriate level of care;
> (9) the impact of the cost of an ombudsman on the likelihood of a successful reorganization.
>
> *Id.* at 359.

23. In the instant case, the Debtor's orthodontist, Dr. Christopher Freeman, is a board-certified orthodontist with a history of quality patient care, with an orthodontic license is in good standing.

24. As to the cause of bankruptcy, the Debtor simply took on too much debt, but patient care was not an issue that caused the filing.

25. There is a low level of dependency of patients on the facility as compared to typical medical or surgical practices, as the patients are simply receiving clear aligners and only visit the facility for follow up adjustments.

26. There is no potential injury to patients, as the level of medical care being provided does not rise to situations where if the Debtor, e.g., went out of business, the patients would be harmed. Another orthodontist would be able to make similar adjustments to their aligners.

27. As stated above, the Debtor has been maintaining its own internal safeguards through its record-keeping system.

28. The cost of an ombudsman may impair reorganization efforts, as the Debtor is currently saddled with not only debtor's counsel fees but Subchapter V trustee fees as well. In this case, an ombudsman would simply be unnecessary and would take away funds that would otherwise go towards paying creditors.

WHEREFORE, the Debtor respectfully requests that this Court enter an order determining that the appointment of a patient care ombudsman is not appropriate nor necessary in this case, granting a waiver for appointment, and granting such other and further relief as this Court deems appropriate.

I HEREBY CERTIFY that a true copy of the foregoing Motion was served on all parties in the manner indicated below on May 31, 2020.

Respectfully Submitted,

Wernick Law, PLLC
*Counsel for the Debtor*
2255 Glades Road, Suite 324A
Boca Raton, Florida 33431

(o)(561)961-0922 / (f)(561) 431-2474

By: /s/*Aaron A. Wernick*
Aaron A. Wernick, Esq.
Florida Bar No.: 14059
awernick@wernicklaw.com

**SERVED VIA CM/ECF**
- Soneet Kapila    trustee@kapilaco.com, ecf.alert+Kapila@titlexi.com
- Laudy Luna    ll@lgplaw.com, de@lgplaw.com
- Peter J Maskow    pmaskow@mcglinchey.com, dtironi@mcglinchey.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Zana Michelle Scarlett    Zana.M.Scarlett@usdoj.gov